IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

No. ___ : _____-CV_____-_____

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHARON ROGERS, EMILY HARVEY, AND KYLE ROGERS,<br><br>Defendants. | **INTERPLEADER COMPLAINT** |

NOW COMES, the Plaintiff State Farm Life Insurance Company ("State Farm"), by counsel, pursuant to 28 U.S.C. §§ 1335, 1397, 2361, states as follows for its Interpleading Complaint against Defendants Sharon Rogers, Emily Harvey, and Kyle Rogers.

## THE PARTIES

1. State Farm is a national insurance company with its principal office in Bloomington, Illinois.

2. On information and belief, Sharon Rogers ("Claimant Sharon") is a citizen and resident of Buncombe, North Carolina.

3. On information and belief, Emily Harvey ("Claimant Emily") is a citizen and resident of New Hanover, North Carolina.

4. On information and belief, Kyle Rogers ("Claimant Kyle") is a citizen and resident of Henderson, North Carolina.

1

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335.

6. Plaintiff and Claimants are of diverse citizenship as defined in 28 U.S.C. § 1332.

7. The adverse claimants are each claiming to be entitled to the benefits of the life insurance policy at issue in this case.

8. State Farm has in its possession and is under an obligation to pay an amount exceeding $152,000 pursuant to the policy of life insurance issued by State Farm and which is at issue in this case.

9. State Farm is ready and willing to deposit the amount at issue under the life insurance policy with the registry of the Court in compliance with 28 U.S.C. 1335(a)(2).

10. Venue is proper under 28 U.S. C. § 1397 because diverse Claimant Sharon resides in Buncombe County, North Carolina.

## FACTS

11. State Farm issued a life insurance policy number LF-0274-5632 (the "Policy"), which insured the life of Thomas Harmon Rogers (the "Insured"). A true and accurate copy of the Policy is attached as **Exhibit A**.

12. The Insured passed away on August 8, 2023.

13. At the time of the Insured's death, the beneficiary or beneficiaries of the Policy became entitled to payment from State Farm.

14. The Insured's Policy, was a Group Life Policy with a total amount of $152,000, naming Claimant Sharon, Claimant Emily, and Claimant Kyle as the beneficiaries.

15. The Policy allowed for changes in beneficiary designation upon request by the Insured.

16. On July 21, 2018, the Insured changed the primary beneficiaries of the Retiree Group Life portion of the Policy to Claimant Kyle and Claimant Emily, thus removing Claimant Sharon as a beneficiary under the Policy. Upon information and belief, Claimant Kyle and Claimant Emily are the Insured's children. Claimant Sharon was the Insured's wife.

17. On June 21, 2023, the Insured changed the primary beneficiaries of the Retiree Group Life portion of the Policy to Claimant Sharon, in which she was designated to receive $77,000.

18. Claimant Kyle and Claimant Emily take the position that the Insured did not have the mental or physical capacity to execute a change in beneficiary in June of 2023, due to the Insured suffering a stroke sometime in April of 2023 in which he allegedly was never able to recover from.

19. Claimant Sharon advised State Farm that she assisted the Insured with his laptop when he allegedly made the change in beneficiary on June 21, 2023.

20. State Farm received claims from the claimants regarding the Policy proceeds after the Insured's death.

21. State Farm has not issued payment of the uncontested amount under the Policy to any of the claimants.

# INTERPLEADER

22. Each of the preceding allegations is incorporated herein by reference as if fully set forth in their entirety.

23. Claimant Sharon, Claimant Kyle, and Claimant Emily each claim that they are entitled to the remaining benefits under the Policy plus interest.

24. In view of the Defendants' adverse and conflicting interests, State Farm has been unable to pay the contested and remaining amount due under the Policy and cannot determine who is entitled to the proceeds.

25. State Farm is now, and at all times, has been ready and willing to pay the Policy proceeds to the party determined to be legally entitled to them.

26. State Farm is an innocent stakeholder and is faced with determining the validity of conflicting claims.

27. State Farm disclaims any interest in or claim to the proceeds and asserts that because of the conflicting claims, it runs the risk of multiple liabilities.

28. State Farm seeks to pay into the registry of this Court the amount owing under the Policy, plus applicable interest, to abide the orders and judgments of this Court, unless the Court directs otherwise.

29. State Farm brings these interpleader claims in good faith and with diligence. Therefore, as a disinterested stakeholder, it is entitled to its reasonable costs and attorneys' fees in connection with this action, to the extent allowed by law.

WHEREFORE, State Farm respectfully prays that the Court enter an Order:

1. Requiring Claimant Sharon, Claimant Kyle and Claimant Emily to interplead and settle between themselves their rights, if any, to the Policy proceeds tendered to the Court;

2. Permanently restraining each Claimant from commencing any action against State Farm on the life insurance policy at issue in this case and that said injunction issue without bond or security;

3. Allowing State Farm to deposit the Policy proceeds, plus applicable interest, with the registry of the Court;

4. Discharging State Farm from any and all liability to the Defendants on all matters relating to the Policy by reason of payment of the proceeds of the Policy into this Court;

5. Allowing State Farm to recover its reasonable attorneys' fees and costs of this action, to the extent allowed by the law, all sums to be paid out of the funds deposited into the registry of the Court and prior to any award to any prevailing defendant; and

6. Awarding State Farm such other and further relief as the court deems appropriate and just.

Respectfully submitted, this the 15th day of November 2023.

/s/ Courtney B. Brown

Elizabeth A. Martineau
N.C. State Bar No. 26394
Courtney B. Brown

N.C. State Bar No. 58867
EMartineau@MartineauKing.com
CBrown@MartineauKing.com
MARTINEAU KING, PLLC
P.O. Box 241268
Charlotte, North Carolina 28224
Tele: 704-247-8520
Fax: 704-247-8582
*Attorneys for Interpleader State Farm*